# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MICHAEL ERWIN,

    Plaintiff,     :    Case No. 3:10-cv-050

                      District Judge Walter Herbert Rice
   -vs-                      Magistrate Judge Michael R. Merz

                              :

SOUTHERN REGENCY TENNIS
CENTER LLC,

    Defendant.

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Motion for Judgment on the Pleadings (Doc. No. 6). Plaintiff opposes the Motion (Doc. No. 7) and Defendant has filed a Reply Memorandum in support (Doc. No. 10).

This case has been referred for pretrial case management under 28 U.S.C. § 636(b). Under such a referral, motions classified as dispositive by statute or case law require a report and recommendations from a magistrate judge, rather than a decision. A motion for judgment on the pleadings is a dispositive motion. 28 U.S.C. § 636(b)(1)(A).

### Applicable Legal Standard

Defendant's Motion is made under Fed. R. Civ. P. 12(c). In ruling on a motion for judgment on the pleadings, the Court must accept all well-pleaded material allegations of the complaint as true. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007); *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001); *Paskvan v. City of Cleveland Civil Serv. Comm'n.*,

946 F.2d 1233, 1235 (6th Cir. 1991)(citing *Beal v. Missouri Pacific R.R.,* 312 U.S. 45, 51, 61 S. Ct. 418, 85 L. Ed. 2d 577 (1941)). The Court must then decide whether the moving party is entitled to judgment as a matter of law. *Lavado v. Keohane,* 992 F.2d 601, 605 (6th Cir. 1993). This is the same standard applied in deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Tucker v. Middleburg-Legacy Place,* 539 F.3d 545, 549 (6th Cir. 2008); *EEOC v. J. H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001).

The test for dismissal under Fed. R. Civ. P. 12(b)(6) was recently re-stated by the Supreme Court:

> Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004)("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)(" Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (2007).

> [W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, " 'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.' " 5 Wright & Miller § 1216, at 233-234 (quoting *Daves v. Hawaiian Dredging Co.*, 114 F.Supp. 643, 645 (D. Hawaii 1953) ); see also *Dura [Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005),, at 346, 125 S.Ct. 1627; *Asahi Glass Co. v. Pentech Pharmaceuticals, Inc .*, 289 F.Supp.2d 986, 995 (N.D.Ill.2003) (Posner, J., sitting by designation) ("[S]ome threshold of plausibility must be crossed at the outset before a patent antitrust case should be permitted to go into its inevitably costly and protracted discovery phase").

*Bell Atlantic*, 550 U.S. at 558; *see also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio,* 502 F.3d 545 (6th Cir. 2007). To survive a motion to dismiss under Rule 12(b)(6), the allegations in a complaint "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008), quoting *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)(emphasis in original).

In *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949-1950 ( 2009), the Supreme Court made it clear that *Twombly* applies in all areas of federal law and not just in the antitrust context in which it was announced. Following *Iqbal*, district courts faced with motions to dismiss must first accept as true all of the factual allegations contained in a complaint. This requirement "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." 550 U.S. at 555. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. 550 U.S. at 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929. Determining whether a complaint states a plausible claim for relief will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Iqbal,* ___ U.S. ___, 129 S. Ct. 1937, 1949-1950 ( 2009); *Tam Travel, Inc. v. Delta Airlines, Inc. (In re Travel Agent Comm'n Antitrust Litig.)*, 583 F.3d 896, 903 (6th Cir. 2009).

**Analysis**

Plaintiff brought this action in the Montgomery County Common Pleas Court and Defendant removed it to this Court on the basis of the diverse citizenship of the parties and the fact that the amount in controversy exceeds $75,000. This Court would have had original jurisdiction under 28

U.S.C. § 1332 7unless any member of Defendant is a resident of California and therefore removal jurisdiction appears to be appropriate under 28 U.S.C. § 1441. Plaintiff has not challenged the removal.

Because this Court's jurisdiction is based on diversity of citizenship, Ohio substantive law governs the case. 28 U.S.C. §1652; *Gasperini v. Center for Humanities, Inc.*, 528 U.S. 415, 427, n. 7 (1996); *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938).

The Complaint purports to state claims for relief for wrongful termination in violation of public policy (Count One), intentional infliction of emotional distress (Count Two), negligent retention and/or supervision of an employee (Count Three), breach of duty to prevent a hostile work environment (Count Four), breach of contract (Count Five), and defamation (Count Six)(Doc. No. 2).

The gravamen of Defendant's Motion is not any failure of the Complaint to properly plead a claim, but rather that Plaintiff settled and released all claims against Defendant by signing a certain July, 2008, Severance Agreement and Release of Claims (copy attached to Complaint as Exhibit A). Surprisingly, although Defendant is relying on the release and covenant not to sue in the Severance Agreement, it has not pled either the release or the covenant not to sue as an affirmative defense in its Answer (Doc. No. 3). See Fed. R. Civ. P. 8(c). Because Defendant has not pointed to any alleged deficiencies in Plaintiff's pleading, the Magistrate Judge offers no analysis of the various counts of the Complaint, but only of the release and covenant not to sue agreement.

In opposing the Motion, Plaintiff asserts that Defendant has failed to perform its covenants under the Severance Agreement including making timely payments of severance pay amounts, uttering or sponsoring defamatory statements about him, and failing to provide the "outstanding reference to potential employers" agreed to in the document. Plaintiff also alleges the Severance Agreement was entered into under duress. In the Complaint, Plaintiff seeks damages for breach of

4

the Severance Agreement, but in his Memorandum in Opposition, he also seeks to be relieved of his obligations under the agreement because Defendant has not performed.

In its Reply, Defendant notes that Plaintiff pled breach of contract as Count Five and concludes

> To the extent that the Court decides that Plaintiff properly plead Count Five of the Complaint, then only that claim can stand, as the claims for wrongful termination in violation of public policy, intentional infliction of emotional distress, negligent retention and/or supervision of an employee, breach of duty to prevent hostile work environment and defamation were contemplated and released in the Agreement.

(Reply Memorandum, Doc. No. 10, PageID 65.) No law is cited for this proposition at all. Neither party has addressed the propriety of pleading in the alternative. It is probably the case under Ohio law, although neither party has given the Court any authority on the point, that a person cannot recover both contract damages under a contract he has repudiated and himself breached and also tort damages on claims he purportedly released in the contract. In the absence of any authority which would prevent Plaintiff from pleading in the alternative, however, that question is premature.

Aside from that difficulty, the Magistrate Judge notes that Defendant relies on a number of factual assertions which rely on facts outside the pleadings and the Severance Agreement. For example, in the Motion Defendant asserts "Plaintiff accepted payments per the terms of the Agreement and did not file suit until well over a year after the performance of the contract." (Motion, Doc. No. 6, at PageID 50.) In making those factual assertions, Defendant is not relying on any admissions made by Plaintiff or any submitted evidence in support of its Motion, yet those factual assertions would seem to be key to its contractual defense.

Defendant has not established its entitlement to judgment on the pleadings. Its Motion to that effect should be denied.

May 11, 2010.

s/ **Michael R. Merz**<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), (D), or (E) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).